Margaret Rosenthal, SBN 147501
Shareef S. Farag, SBN 251650
Vartan S. Madoyan, SBN 279015
Nicholas D. Poper, SBN 293900
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859
Email:       mrosenthal@bakerlaw.com
             sfarag@bakerlaw.com
             vmadoyan@bakerlaw.com
             npoper@bakerlaw.com

*Attorneys for*
HOST INTERNATIONAL, INC.; HMS HOST USA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERA GARCIA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOST INTERNATIONAL, INC., a Delaware corporation; HMS HOST USA INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: **'18CV0173 GPC BLM**<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Party With Financial Interest]<br><br>Action Filed:  December 1, 2017 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Host International, Inc. ("Host") and HMS Host USA, Inc.[1] (together, "Defendants") remove the action filed by Sera Garcia ("Plaintiff") in the Superior Court of the State of California, in and for the County of San Diego, and captioned Case No. 37-2017-00046403, to the United States District Court for the Southern District of California.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3. On December 1, 2017, Plaintiff, purportedly on behalf of herself and all others similarly situated, filed a Class Action Complaint against Defendants in the Superior Court of the State of California, in and for the County of San Diego, Case No. 37-2017-00046403 (the "State Court Action"). Plaintiff filed the complaint as a putative class action.

4. On December 27, 2017, Defendants were served with a copy of the Summons and Complaint.

---

[1] HMS Host USA, Inc. never employed Plaintiff or the putative class members during the relevant time period, and thus is improperly joined as a party to this action. HMS Host USA, Inc. joins in this removal.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants filed this removal within 30 days of their receipt of a copy of the Summons and Complaint in the State Court Action.

6. Exhibit "A" constitutes all process, pleadings, and orders served on Defendants in the State Court Action.

7. Defendants filed their Answer in the State Court Action on January 24, 2018. A true and correct copy of Defendants' Answer is attached as Exhibit "B".

## CAFA JURISDICTION

8. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction of this action under CAFA. Section 1332(d)(2) and (4) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

9. As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may remove the State Court Action to federal court under CAFA because: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action and involves more than one hundred (100) putative class plaintiffs; and (iii) members of the putative class are citizens of a state different from Defendants.

## DIVERSITY OF CITIZENSHIP

10. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff a resident of the State of California. (Complaint ¶ 10). Defendant is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a resident of the State of California. Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

11. <u>Defendants' Citizenship</u>. Defendants are each citizens of the states of Delaware and Maryland. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

12. Host was, at the time the State Court Action was commenced in State Court, and still is, is a corporation formed in and incorporated under the laws of the State of Delaware. Pursuant to the *Hertz* nerve center test, Host has its principal place of business in Maryland. Host's headquarters are located at 6905 Rockledge Drive # 1, Bethesda, Maryland 20817-7826. In addition, the majority of Host's officers direct, control, and coordinate the corporation's activities from that same address – 6905 Rockledge Drive #1, Bethesda, Maryland 20817-7826. HMS Host USA, Inc. is also incorporated in Delaware and has its headquarters and principal place of business located at 6905 Rockledge Drive # 1, Bethesda, Maryland 20817-7826.

13. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants "Does 1 through 20," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

14. <u>Minimal Diversity</u>. Minimal diversity of citizenship is established, pursuant to CAFA, inasmuch as Plaintiff (who is a member of the putative class) is

a citizen of the State of California, and Defendants are each citizens of Delaware and Maryland.

15. <u>Size of the Putative Class</u>. Plaintiff asserted the State Court Action as a class action. While Plaintiff does not allege a specific class size, the relevant period for various claims made by Plaintiff is four years prior to the filing of the State Court Action. Four years prior to Plaintiff's filing of the Complaint is December 1, 2013. Between December 1, 2013 and Plaintiff's filing of her Complaint, Host employed approximately 6,507 individuals "as non-exempt employees in the State of California" (the putative class definition provided in the Complaint). Therefore, per the allegations of the Complaint, the putative class size is 6,507 individuals.

16. However, in an abundance of caution and to be conservative, Host has limited for purposes of this Removal the relevant class period to March 20, 2014 to the filing of Plaintiff's Complaint.[2] Between March 20, 2014 and the filing of Plaintiff's Complaint, Host employed 6,302 individuals "as non-exempt employees in the State of California." Therefore, under Host's limitation, the putative class size is 6,302.

## AMOUNT IN CONTROVERSY UNDER CAFA

17. Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

18. This action involves Plaintiff's alleged claims against Defendants for: failure to pay minimum wages, failure to pay overtime, failure to pay reporting time pay, failure to provide meal periods, failure to provide rest periods, failure to

---

[2] This limitation is based on a global settlement of ten class actions filed throughout California that Host entered into and that was preliminarily approved by the Court in *Washington, et al v. Host International, Inc.*, Case No. CIVRS1205929 (San Bernardino Superior Court) on March 19, 2014. The settlement contained a general release that applied to all of the claims asserted by Plaintiff here.

provide accurate itemized wage statements, failure to pay all wages due upon separation of employment, and unfair competition. (Complaint ¶¶ 4, 24).  Plaintiff's Prayer for Relief seeks an award of compensatory damages, including compensation for all unpaid wages, reporting time pay, benefits, penalties, liquidated damages, restitution to the class, prejudgment interest, attorneys' fees and costs, injunctive relief, and such other and further relief as the Court deems just and proper.  (See Complaint, Prayer for Relief).

   19. <u>Amount in Controversy</u>.  Without conceding that Plaintiff or the purported class members are entitled to or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

    a. <u>Variables</u>.

- Although Plaintiff alleges that the class period dates back to December 1, 2013 (four years prior to the filing of the Complaint), to be conservative, Host has limited its amount in controversy calculations to the time period beginning March 20, 2014 (as discussed above), or later depending on the statute of limitations applicable to each claim.

- During the period of December 1, 2014 to the date Plaintiff filed her Complaint, applicable to Plaintiff's waiting time penalties claim, approximately 3,350 putative class members separated from employment with Host.  The average hourly rate of pay among this group is approximately $12.67.

- During the period of December 1, 2016 to the present, applicable to Plaintiff's wage statement claim, Host employed approximately 3,949 individuals "as non-exempt employees in the State of California." These 3,949 individuals worked a total of 73,761 pay periods between December 1, 2016 and the present.

b. <u>Claim #5: Failure to Timely Pay Wages Upon Separation</u>.  For purposes of this claim, Plaintiff defines a subclass of all non-exempt employees in the State of California "who separated their employment with Defendants at any time within three years prior to the filing of this action to the time the class is certified." (Complaint ¶ 21.) Plaintiff alleges that "Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, including, but not limited to, proper minimum wage and overtime compensation, meal period premiums, and rest period premiums either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ." (Complaint ¶ 85.)  California Labor Code Section 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days.  Approximately 3,350 members of the proposed class separated from employment during the three-year statutory period. Using the average final hourly rate of pay for these 3,350 putative class members, and conservatively assuming that the class members work only 8 hours per day, the amount in controversy for this claim would be approximately **$10,186,680** (3,350 separated employees x 8 hours x $12.67 average rate x 30 days).

c. <u>Claim #6: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions</u>.  Plaintiff alleges that "Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members..." in part because Defendants allegedly provided wage statements that were missing or inaccurately stated gross wages and net wages earned, total hours worked, all deductions, and all applicable hourly rates in effect during each respective pay

period. (Complaint ¶ 78.) Plaintiff, on behalf of herself and the putative class, seeks penalties pursuant to Labor Code § 226(a) of $50 per employee for the initial pay period in which a wage statement violation occurred and $100 per employee for each violation in a subsequent pay period, not exceeding the maximum aggregate penalty of $4,000 per employee. (Complaint ¶ 81.) Approximately 3,949 members of the proposed class were employed by Host during the one-year statutory period. Using the total number of pay periods worked by each of the 3,949 members and the minimum statutory penalty of $50 for each violation, the amount in controversy for this claim would be approximately **$3,688,082** ($50 penalty for each violation x 73,761 pay periods).

20. <u>Total Amount in Controversy For Just Two Causes Of Action.</u> Based solely on just two of Plaintiff's causes of action, the class-wide amount in controversy, conservatively estimated, is at least **$13,874,762**. "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014). A summary of the amount in controversy discussed above is as follows:

| Claim | Amount in Controversy |
|---|---|
| Failure to Timely Pay Wages Upon Separation | **$10,186,680** |
| Failure to Provide Compliant Wage Statements | **$3,688,082** |
| **TOTAL:** | **$13,874,762** |

21. <u>Amount in Controversy for Remaining Causes of Action.</u> The above amounts exceed the $5 million CAFA minimum before taking into account

Plaintiff's additional five claims for failure to pay minimum wages, failure to pay overtime, reporting time pay, failure to provide meal periods, and failure to provide rest periods, which are further evidence that the amount in controversy exceeds $5,000,000, as already established above.

22. <u>Total Amount in Controversy For All Causes of Action</u>.  Based on the claims described above, the class-wide amount in controversy, conservatively estimated, is well in excess of $5,000,000.

23. <u>Other Claims</u>.  In addition to the damages discussed above, Plaintiff also requests injunctive relief (among other forms of relief not calculated above), and liquidated damages pursuant to Labor Code § 1194.2 for the putative class members.  (Complaint, Prayer for Relief.)  No allegations in the Complaint allow Host to calculate the amount of these alleged damages and relief.  However, Host points out the allegations to the Court as further evidence that the amount in controversy exceeds $5,000,000, as already established above.

## ATTORNEY'S FEES

24. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff has sought attorneys' fees in the Complaint which are permitted by Cal. Labor Code §§ 1194 and 1021.5 for the Labor Code violations alleged in the Complaint.  They should therefore be included in analyzing the amount in controversy, if needed.  Conservatively, we do not include them in the above calculations.

## NOTICE OF PARTY WITH FINANCIAL INTEREST

25. Pursuant to Civil Rule 40.2, a Notice of Party With Financial Interest is being filed concurrently with this Notice of Removal.

# **NOTICE**

26. As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff, and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

Dated: January 25, 2018                     Respectfully submitted,

BAKER & HOSTETLER LLP

By:  */s/ Vartan S. Madoyan*
Margaret Rosenthal
*Email: mrosenthal@bakerlaw.com*
Shareef S. Farag
*Email: sfarag@bakerlaw.com*
Vartan S. Madoyan
*Email: vmadoyan@bakerlaw.com*
Nicholas D. Poper
*Email: npoper@bakerlaw.com*

*Attorneys for*
HOST INTERNATIONAL, INC.; HMS HOST USA, INC.

# PROOF OF SERVICE

I, Hien Tran, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **January 25, 2018**, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Kashif Haque  
Samuel A. Wong  
Jessica L. Campbell  
Simon Kwak  
**AEGIS LAW FIRM, PC**  
9811 Irvine Center Drive., Suite 100  
Irvine, CA 92618  
Telephone: (949) 379-6250  
Facsimile:  (949) 379-6251  

*Attorney for Plaintiff*  
*Sera Garcia*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **January 25, 2018** at Los Angeles, California.

_____  
Hien Tran

PROOF OF SERVICE